UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOSEPH QUINN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04845-JMS-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Dismissing Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

In his petition for writ of habeas corpus, petitioner Joseph Quinn challenges his 2001 Marion County, Indiana conviction for attempted robbery. The respondent argues that the petition must be denied because it is time-barred. For the reasons explained in this Order, Mr. Quinn's petition for a writ of habeas corpus is **denied** and the action **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

Mr. Quinn was convicted on September 6, 2001, and sentenced on October 9, 2001. Dkt. 5-1 at 9–10. Mr. Quinn appealed, and the Indiana Court of Appeals affirmed his conviction on October 2, 2002. Dkt. 5-7. Mr. Quinn did not file a petition to transfer in the Indiana Supreme Court. Dkt. 5-2 at 5.

Mr. Quinn filed a petition for post-conviction relief on September 29, 2003. Dkt. 5-3 at 6. Mr. Quinn moved to withdraw his petition, and it was withdrawn without prejudice on March 22, 2006. *Id.* at 6. On March 20, 2012, Mr. Quinn filed a motion to reinstate his petition for post-conviction relief, which was denied on the same day because—as the post-conviction court explained in a letter—Mr. Quinn needed to file a new petition for post-conviction relief. Dkt. 5-3

at 7. Mr. Quinn filed a motion to modify his sentence on July 9, 2014, which was denied on July 17, 2014. Dkt. 5-3 at 7.

Mr. Quinn filed another petition for post-conviction review on June 15, 2017. Dkt. 5-5 at 1. An evidentiary hearing was held on August 29, 2018, and the post-conviction court denied his petition on January 10, 2019. Dkt. 5-5 at 4–5. Mr. Quinn initiated an appeal, but he filed his brief several weeks late and in a form that did not comply with the Indiana Rules of Appellate Procedure. Dkt. 5-4 at 2. As a result, the Indiana Court of Appeals dismissed the appeal with prejudice. Dkt. 5-4 at 3. Mr. Quinn appealed the dismissal through a petition to transfer in the Indiana Supreme Court. Dkt. 5-4 at 3. The Indiana Supreme Court denied transfer on October 15, 2019. Dkt. 5-10.

On December 9, 2019, Mr. Quinn filed the instant petition for a writ of habeas corpus seeking federal collateral review of his conviction.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress revised several statutes governing federal habeas relief as part of AEDPA. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

### III. Discussion

Mr. Quinn's conviction and sentence became final when, after his direct appeal, he did not file a petition for transfer to the Indiana Supreme Court by the deadline of November 1, 2002. *Gonzalez v. Thaler*, 565 U.S. 134, 154, (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires."). Therefore, the one-year period of limitation began running on November 2, 2002, and continued to run until September 29, 2003, when Mr. Quinn filed a petition for post-conviction review. At that time, 331 days had elapsed.

A limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Mr. Quinn's limitations period remained tolled until he withdrew his petition for post-conviction review on March 22, 2006. The one-year period of limitation began running again on this date and expired on April 25, 2006. Mr. Quinn's next action that would have triggered AEDPA's tolling provision was when he filed a motion to modify his sentence on July 9, 2014. *See Wall v. Kholi*, 562 U.S. 545, 556 (2011). But this filing was over eight years after the period of limitation had run. Thus, even before Mr. Quinn filed his second petition for post-conviction relief, his time for filing a habeas petition had long expired.

Mr. Quinn acknowledged in his petition that the limitations period ran before he sought federal habeas relief, but he argues that he is entitled to equitable tolling because the Innocence Project had control over his trial record for several years. Dkt. 1 at 4. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v.*

*Florida*, 560 U.S. 631, 649 (2010). These two "elements" are distinct. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha v. Boughton*, 763 F.3d 674, 683 (7th Cir. 2015).

Mr. Quinn has not met his burden of demonstrating either that he has been diligent in pursuing his rights, or that an extraordinary circumstance prevented him from timely filing his petition. As the respondent notes, Mr. Quinn does not provide any details about when he provided the Innocence Project with his record, or how long the organization had it. Mr. Quinn also does not say whether he tried to obtain his record from the Indiana Court of Appeals or the State Public Defender's Office who had entered an appearance in his first round of post-conviction litigation. Mr. Quinn did not respond to the respondent's motion to dismiss to provide any additional evidence in support of his equitable tolling argument, and his vague argument falls far short of what is required for this rare form of relief. *See Socha*, 763 F.3d at 684 (noting that "tolling is rare").

In summary, Mr. Quinn's § 2254 petition is clearly time-barred, and Mr. Quinn has not demonstrated that he is entitled to equitable tolling.[1] Accordingly, the respondent's motion to dismiss, dkt. [5], is **granted**, and Mr. Quinn's petition for habeas corpus is **dismissed with prejudice**.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017).

---

[1] Because the Court dismisses on this basis, it does not address the respondent's argument that Mr. Quinn's ineffective assistance of counsel claim is procedurally defaulted.

Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted).

Further, where a claim is resolved on procedural grounds (such as statute of limitations), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to § 2253(c)(2), the Court finds that no reasonable jurist would find it debatable "whether [this Court] was correct in its procedural ruling" that Mr. Quinn's petition was filed beyond the expiration of the one-year statutory limitations period and that he failed to prove that he qualified for equitable tolling. Therefore, a certificate of appealability is **denied**.

## V. Conclusion

The respondent's motion to dismiss, dkt. [5], is granted. Mr. Quinn's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **dismissed with prejudice**, and a certificate of appealability shall not issue. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 4/21/2020

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOSEPH QUINN
894577
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov

Distribution:

JOSEPH QUINN
894577
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov